IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KYRON PALOMBI,<br><br>    Plaintiff,<br><br>v.<br><br>NICOLE CUNHA REA et al.,<br><br>    Defendants. | **ORDER & MEMORANDUM DECISION**<br><br><br>Case No. 2:15-CV-25-CW<br><br>District Judge Clark Waddoups |

Plaintiff, inmate Kyron Palombi, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2017), *in forma pauperis*, *see* 28 id. § 1915.  The Court now screens his Amended Complaint and orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing his claims.

**A.  Deficiencies in Amended Complaint**

Amended Complaint:

(a)  is not on the form required by the Court.

(b)  possibly alleges claims that concern the constitutionality of his conviction and/or validity of his imprisonment, which should be brought in a habeas-corpus petition, not a civil-rights complaint.

(c)  inappropriately alleges civil-rights violations on a respondeat-superior theory.

(d)  does not affirmatively link several of the defendants to civil-rights violations.

(e)  alleges claims that are possibly invalidated by the rule in *Heck* (see below).

(f)  appears to involve claims that are past the statute of limitations for a civil-rights case (see below).

(g) possibly attempts to state claims of inadequate medical treatment by Department of Corrections personnel; however provides neither necessary factual details nor links any such possible claims to specific defendants.

(h) states crimes by Defendants must be redressed; however, a federal civil-rights is not the proper place to address criminal behavior.

(i) does not state a proper legal-access claim (see below).

(j) possibly asserts constitutional violations resulting in injuries that appear to violate 42 U.S.C.S. § 1997e(e) (2017), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

(k) alleges conspiracy claims that are too vague (see below).

(l) improperly names county prosecutors as defendants, without considering prosecutorial immunity (see below).

(m) brings civil-rights claims against Nicole and Lillian Rae and Courtney Rodriguez, who are not properly named, as they are not state actors.

(n) alleges professional-misconduct violations, which may not be addressed in a civil-rights complaint.

(o) appears not to have been prepared with help from the prison's contract attorneys.

## B.  Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts

2

surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.*  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).  "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."

3

*Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

### • *Heck*

The Court concludes that Plaintiff's claims appear to involve some allegations that if true may invalidate his conviction and/or sentencing. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in a way that may attack Petitioner's very imprisonment. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it appears it may regarding some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and/or sentence were not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the

conviction or sentence has already been invalidated." *Id.* This has apparently not happened and may result in dismissal of such claims.

## • Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims appeared to have accrued when "'facts that would support a cause of action are or should be apparent.'" *Id.* at 675 (citation omitted. Some of the circumstances underlying these claims appear to have occurred more than four years before this case was filed.

## • Legal Access

Next, the Court notes that Plaintiff's claims may involve legal access. As Plaintiff fashions his amended complaint, he should therefore keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege not only the inadequacy of the library or legal assistance furnished but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous

claim."  *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation."  *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement."  *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

### • Conspiracy

As to Plaintiff's conspiracy claim, he "must specifically plead 'facts tending to show agreement and concerted action.'"  *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)).  Plaintiff has not met this responsibility in his current complaint; his vague assertions that multiple people lied to effect his illegal arrest and incarceration, and, therefore, a conspiracy must be involved, are not enough.  He must assert more detail to pursue this claim further.

### • Prosecutorial Immunity

A prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976).  The prosecutors' acts, as alleged by Plaintiff, appear to relate to advocacy before the court.  These defendants therefore may be entitled to absolute prosecutorial immunity from this lawsuit.

### MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to request *pro bono* counsel to represent him.  Plaintiff has no constitutional right to counsel.  *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

However, the Court may in its discretion appoint counsel for indigent plaintiffs.  *See* 28 U.S.C.S. § 1915(e)(1) (2016); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.  Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint and habeas petition for Plaintiff to use should he choose to file an amended complaint or a habeas-corpus petition.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's motion for appointed counsel is **DENIED**, (*see* Docket Entry # 22); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

(5) Plaintiff's motion for copies is **DENIED**, (see Docket Entry # 22); Plaintiff has not provided a good reason for needing every document in this case and should copy his own pleadings before he sends them to the Court, if he wishes to keep his own file.

DATED this 22nd day of February, 2017.

BY THE COURT:

CLARK WADDOUPS
United States District Court Judge